12918

STATE v. BLACKWELL

(153 S. E., 287)

*Messrs. Laney & Chapman,* for appellant,

*Mr. M. J. Hough, Solicitor,* for the State.

May 13, 1930.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

The appellant, who was under bond to appear in the Court of General Sessions for Chesterfield County to answer an indictment, charging him with the violation of the prohibition law, failed to appear when called for trial, and was tried in his absence. The jury found him guilty; a motion for new trial was refused; and the appellant has asked this Court to review his trial.

The first exception complains of error on the part of the trial Judge in refusing the motion for a new trial on the following grounds: (a) Because there was a lack of evidence against the appellant; (b) because there was no evidence to show that the whisky found was owned by the appellant; (c) because there was no evidence to show that the whisky, alleged to have been found in the appellant's house, was intoxicating, or contained alcohol in excess of the amount allowed by law.

A review of the evidence adduced at the trial is unnecessary. It was entirely sufficient to require a submission of the case to the jury. The defendant was not charged with *owning* whisky. He was charged with having it in possession. There was evidence to sustain that charge.

The second exception complains of error on the part of the trial Judge in not charging the jury, as requested by the appellant, "to the effect that the State must show that the whisky in question was unlawfully obtained." Again, the appellant seems to misapprehend the charge against him. He was not indicted for obtaining whisky unlawfully. He

was charged with having whisky in possession contrary to the statute.

The third exception imputes error, because, as the appellant says, the jury was instructed as follows: "It is against the law to have in possession alcoholic liquor, whisky or other intoxicating beverages which would produce intoxication when taken as a beverage."

Appellant says that the error consists in the fact that the instruction did not take into consideration that the law does not forbid keeping in possession liquor lawfully obtained.

The Judge correctly charged the jury as follows: "It is against the law to have any whisky or intoxicating liquor for any unlawful purpose, no matter whether it was lawfully obtained or not. It is against the law to have in possession contraband alcoholic liquor whether it was for personal use or not." We see no error in the charge of the presiding Judge, taking the whole charge into consideration.

The fourth exception is the same as sub-division (c), set out in the first exception, and has already been disposed of.

All the exceptions are overruled, and the judgment below in affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER and CARTER concur.